JAMES C. BRADSHAW (#3768)
Brown, Bradshaw & Moffat, LLP
422 North 300 West
Salt Lake City, Utah 84103
Telephone: (801) 532-5297
Facsimile: (801) 532-5298
Email: jim@brownbradshaw.com
*Attorney for Charlie Whittington*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MINE SHAFT BREWING LLC, a Delaware limited liability company, TIMOTHY A. NEMECKAY, an individual, JOHN A. LOGAN, an individual, and CHARLIE V. WHITTINGTON, an individual,<br><br>　　　　　Defendants. | **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND MEMORANDUM IN SUPPORT**<br><br>Case No.: 2:21-cv-00457-DAO<br>Judge David Barlow |

Defendant, Charlie Whittington ("Defendant"), by and through his attorney, James C. Bradshaw, hereby files the foregoing motion to stay proceedings pursuant to Federal Rules of Civil Procedure 12(b)(1) and (3).

**RELIEF SOUGHT AND GROUNDS FOR RELIEF**

This lawsuit is the second civil matter filed by a government agency ostensibly pursued to insure the protection of the "public interest." Because the prior state proceeding adequately protects all aspects of such interest, Defendant Whittington respectfully asserts that the interests of justice are best

served by dismissing this matter or alternatively issuing a stay. This request is made pursuant to what has become know as Colorado River Abstention. The request for dismissal or stay is not grounded in traditional abstention principles, but, as noted in the seminal case, is relief provided to insure judicial economy:

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

As set out in more detail below, there is both a state civil matter and a federal criminal case which are relevant to consideration of this motion. The state proceeding was filed in 2020 in the Third District Court in and for Summit County Utah. *See Utah Division of Securities v. Mine Shaft Brewing LLC, Nemeckay, Logan and Whittington*, Case No. 200500317. The case was temporarily resolved by means of a stipulated injunction. In addition, there is a federal criminal proceeding instituted by the United States Department of Justice. *See USA v. Nemeckay*, Case No. 2:20-cr-00278-DBB.

**STATEMENT OF RELEVANT FACTS**

1. On July 31, 2020, the Utah Division of Securities ("the Division") filed a complaint in the Third District Court, State of Utah naming as defendants, Mine Shaft Brewing LLC, Timothy A. Nemeckay, John A. Logan, and Charlie V. Whittigton.[1]

---

[1] Cited as, "State Complaint" and attached hereto as Exhibit A.

2. In the complaint, the Division alleges:

   a. "Defendants ... directly or indirectly, in connection with offer, sale, or purchase of any security, made untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading," and thus committed Securities Fraud under Utah Code § 61-1-1(2). State Complaint at 56.

   b. Offered and Sold Unregistered Securities under § 61-1-7. State Complaint at 58.

3. The Division's requested relief included "a temporary restraining order, a preliminary injunction, an asset freeze for Defendants and Relief Defendant, and an order prohibiting the destruction of documents, expediting discovery, and requiring an accounting." State Complaint at 5.

4. After expensive, time-consuming negotiation and cooperation with the Division, Mr. Whittington entered into a stipulated agreement.[2] As a part of this process, Mr. Whittington agreed to allow the State division to access all of his financial records.

5. After this process, Whittington was ordered to do the following:

   a. Mr. Whittington and his agents, servants, employees, attorneys, accountants, and those persons in active concert or participation with him (collectively, "Mr. Whittington's Agents"), who receive actual notice of the order by personal service or otherwise, and each of them, are temporarily restrained and enjoined from engaging in the transactions, acts, practices and course of business described herein, and from engaging in conduct of similar purport and object in violation of Sections 61-1-1, 61-1-3, and 61-1-7 of the Act. Stipulated Preliminary Injunction at 2-3.

---

[2] Cited as, "Stipulated Preliminary Injunction" and attached hereto as Exhibit B.

6. On August 26, 2020, a criminal indictment was filed against Nemeckay in the United States District Court for the District of Utah.[3]

7. Nemeckay was indicted on the following crimes:

    a. Securities Fraud, in violation of 18 U.S.C. § 1348(1) and (2);

    b. False Statement to the Securities Exchange Commission, in violation of 15 U.S.C. § 78ff(a) and 18 U.S.C. § 2;

    c. Wire Fraud, in violation of 18 U.S.C. § 1343; and

    d. Money Laundering, in violation of 18 U.S.C. § 1957.[4]

8. Mr. Whittington was not indicted in this matter, but has met with, and continues to be in communication with the United States Attorneys Office in regards to his role as a witness.

9. On July 27, 2021, two years after the same issues had been resolved in the Utah State Court proceeding, the SEC filed its complaint in this matter. (EFC No. 2).

10. Upon information and belief, the SEC did not attempt to communicate with Mr. Whittington or the Utah Division of Securities to understand the resolution reached and the protections put in place before filing this matter.

11. Upon information and belief, the SEC did not attempt to communicate with the United States Attorneys Office that had filed the criminal case before filing this separate matter.

---

[3] *See USA v. Nemeckay*, 2:20-cr-00278-DBB, EFC No. 1, cited as "Federal Indictment" and attached hereto as Exhibit C.

[4] *Id.*

## ARGUMENT

I.  **The Court should dismiss this case or alternatively stay these proceedings until completion of the Federal Criminal Case due to the duplicative nature of these proceedings and to preserve judicial resources.**

The Colorado River Doctrine is grounded in desire to achieve judicial economy. Unlike other abstention doctrines, it is not based on constitutional concerns about federal-state comity. It is an exception to the jurisdictional mandates written by the legislative branch of government. Accordingly, application is limited to situations where "the clearest of justifications ... warrant[s] dismissal." *Colorado River*, 424 U.S. at 819. The history of this case provides that unique circumstance.

"The *Colorado River* Doctrine is applicable when considering whether as district court should [stay or dismiss] a federal suit pending the resolution of a parallel state court proceeding." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). Under the doctrine, the purpose of staying the federal case is to "preserve judicial resources," *id.*, and to "avoid duplicative litigation." *Colorado River*, 424 U.S. at 817. In applying the doctrine, a Court must (1) determine whether the state and federal proceedings are parallel, and (2) apply the eight factor test fashioned by the 10th circuit for considering whether the circumstances suggest deference is appropriate.

> (1) The State and the Federal civil cases are parallel insofar as they request the same relief and are based on the same underlying allegations.

The first step is to determine "whether the state and federal proceedings are parallel." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (*citing New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir.1991)).

Here, a side by side comparison of the state complaint and the federal complaint are substantially the same. They both allege that the, "case arises out of the unregistered and fraudulent offering of securities by Mine Shaft Brewing LLC, its principal, recidivist Nemeckay, and its executives, Logan and Whittington." *See* Federal Complaint, EFC No. 2 at 1.[5]

The requested relief in both cases is also very similar. The SEC is requesting an order from this Court permanently "restraining and enjoining" the defendants from engaging in alleged conduct violating sections of the Securities Act. Federal Complaint, EFC No. 2 at 18. Similarly, the State of Utah's Complaint requests injunctive relief against, "Defendants, and their officers, agents, servants, employees, attorneys, and accounts, and those in persons in active concert of participation with any of them[.]" State Complaint at 60.

Furthermore, the State of Utah already obtained a preliminary injunction against Mr. Whittington while the case is pending. This injunction issued September 11, 2020 and orders:

> Mr. Whittington and his agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with him (collectively, "Mr. Whittington's Agents"), who receive actual notice of the order by personal service or otherwise, and each of them, are temporarily restrained and enjoined from engaging in the transactions, acts, practices, and course of business described herein, and from engaging in conduct of similar purport and object in violation of Sections 61-1-1, 61-1-3, and 61-1-7 of the Act.

Stipulated Preliminary Injunction at 2-3.[6]

---

[5] *See also* State Complaint at 1 ("This action involves an ongoing securities fraud perpetrated by Timothy A. Nemeckay ("Nemeckay"), John A. Logan ("Logan"), Charlie V. Whittington ("Whittington"),1 and Mine Shaft Brewery LLC ("Mine Shaft"), a Delaware limited liability company headquartered in Park City, Utah.").

[6] The State action is stayed pending resolution of the related federal case, *USA v. Nemeckay*, Case No. 2:20-cr-00278-DBB. *See* Order Staying Action Pending Resolution of Criminal Proceedings, attached hereto as Exhibit D.

This order restrains Mr. Whittington from engaging in the following conduct described in the Utah Code sections 61-1-1, 61-1-3, and 61-1-7. Section 61-1-1 restrains Mr. Whittington from offering, selling, or purchasing any security directly or directly using "any device, scheme, or artifice to defraud[,]" by making untrue statements or omitting materials facts, or engaging in fraud or deceit upon any person. Section 61-1-3 prohibits Mr. Whittington from transacting business as a "broke-dealer or agent" unless he is duly licensed. Section 61-1-7 prohibits Mr. Whittington from offering or selling any security in Utah unless it is registered under the Utah Uniform Securities Act.

The SEC is seeking the same relief. *See* Federal Complaint, EFC No. 2 at 18. 15 U.S.C. § 77(e) prohibits sale of unregistered securities, similar to Utah Code § 61-1-7. 15 U.S.C. § 77(q)(a) is substantially the same as Utah Code § 61-1-1 in that it prohibits offers or sales or securities using "any device, scheme, or artifice to defraud," by making untrue statements or omitting material facts, or engaging" in any transaction, practice, or course of business which operates or would operate as fraud or deceit upon the purchaser." 15 U.S.C. § 78(j)(b) prohibits the use or employment of any manipulative or deceptive device or contrivance in the sale, purchase, or swap of a security, again similar to Utah Code § 61-1-1. Likewise, 17 C.F.R. § 240.10b-5(a) and 240.10b-5(c) prohibits use of any national securities exchange to defraud, mislead, or engage in fraud/deceit. Finally, 15 U.S.C. § 78o(a)(1) requires broker or dealers of securities to be registered, similar to Utah Code § 61-1-3.

Both the underlying allegations and the requested relief by both government agencies are substantially the same, and therefore, the issues are substantially the same. Federal and State Securities agencies share in the goal of protecting the public. In this case where the state acted a year before and obtained protections for consumers there is no interest served by requiring a repeat of litigation in

another forum.[7]

<u>(2) The Eight Colorado River Factors Weigh in Favor of Abstention.</u>

The 10th Circuit enumerated eight pertinent factors when applying the Colorado River test in *Wakaya Perfection, LLC v. Youngevity International*, 910 F.3d 1118, 1121-22 (10th Cir. 2018)(*citing Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994)). The court has further noted, "[n]o single factor is dispositive; '[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'" *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994)

Applying each of the eight factors to this matter reveals the following:

The first factor, the possibility that one of the two courts has exercised jurisdiction over property, weighs in favor of this court deferring jurisdiction. Here, the state court has exercised control over the assets in dispute. The State Securities division has traced the location of all funds generated by the solicitation and has taken steps to secure those assets. Towards that end they have been provided access to all of Mr. Whittington's financials and access to his bank accounts.

The second factor, the inconvenience from litigating in the federal forum, also weighs in favor of abstention. This is very costly for Mr. Whittington as well as other parties. He has been required to retain counsel who must represent his interests in multiple forums. In addition, the federal criminal proceeding must be considered in light of the invariable conflict that arises when a criminal defendants due process rights abut against the discovery path of civil litigation.

---

[7] That is particularly true when there is a pending federal criminal case. Any conceivable federal interest not addressed in the state case can be addressed as a part of the criminal proceeding.

The third factor, the avoidance of piecemeal litigation, also weighs in favor of exercising deference. As stated above, there are now three different cases dealing with the same underlying facts. The potential for conflating and competing orders will only muddy the waters for both the Government and Mr. Whittington.

The fourth factor, the sequence in which the courts obtained jurisdiction, also weighs in favor of abstention. Here, there is no question that the State action was filed first, State Complaint at 1, followed by the federal criminal case, Federal Indictment at 1, then followed by the complaint before this Court, Federal Complaint, EFC No. 2 at 1.

The fifth factor, the "vexatious or reactive nature" of either case also weighs in favor of abstention. At the time the State securities case was filed, the participants were required to balance and address sensitive issues that created competing considerations. Faced with a short window of time, the parties had to simultaneously attend to the constitutional rights of accused individuals, while also protecting the interest of specific victims, and the public generally from any continuing or ongoing violations. Throughout this process, the interests of victims and the public interest were served by preserving proceeds and preserving what may be criminal restitution. Balancing those important and often conflicting interests was complex business that placed demands on all participants. It required compromise for the greater public good. All participants believed the process to be binding, and those efforts would seem to be rendered ineffectual if the SEC is allowed to come late and undo it all.

The sixth factor, the applicability of federal law at first blush would seem to support the SEC's filing. However, there is already a federal matter filed through which the federal interest will be vigorously and fully protected. As a part of the criminal case there will be a forfeiture order and an order of restitution. Through that proceeding and the attendant orders, all legitimate federal interests can

be protected and fully preserved.

The seventh factor, the potential for the state-court action to provide an effective remedy for the federal plaintiff, weighs heavily in favor of abstention. In fact, the state court case has already addressed all of the requested relief the Government has requested here.

In considering the eighth factor, the possibility of forum shopping, it is noteworthy that the SEC could have timely intervened in the Utah case. In doing so they could have advocated any interest that is now sought. In addition, if the SEC's aim is to merely to protect the interest of specific victims or the public at large, there is no impediment to their becoming active participants in the federal criminal case. Alternatively, the SEC could seek to intervene in the State civil case.

## Conclusion

This Court should dismiss this matter or stay it while the criminal case is resolved. After that proceeding, if there is any need for additional orders, such can be obtained through the Utah state court proceeding.

DATED this 18th day of May, 2022.

*/s/ James C. Bradshaw*
JAMES C. BRADSHAW
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2022, a true and correct copy of the foregoing *Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Memorandum in Support* was electronically filed with the Court using the e-filing system which sent notification of such filing to all parties.

/s/ *Kayla Marker*