THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MINE SHAFT BREWING LLC, TIMOTHY A. NEMECKAY, JOHN A. LOGAN, and CHARLIE V. WHITTINGTON, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [33] DEFENDANT'S MOTION TO DISMISS OR STAY PROCEEDINGS** <br><br> Case No. 2:21-cv-00457-DBB <br><br> District Judge David Barlow |

The Securities and Exchange Commission brings this suit against Mine Shaft Brewing LLC, Timothy Nemeckay, John Logan, and Charlie Whittington for violating federal securities law.[1] Whittington filed a motion to dismiss the case or stay the proceedings pending the outcome of a related criminal case against Nemeckay.[2] Because neither dismissal nor a stay are warranted, Whittington's motion is DENIED.

## BACKGROUND

In July 2020, the Utah Division of Securities filed a suit in state court against Mine Shaft Brewing LLC, Timothy Nemeckay, John Logan, and Charlie Whittington for violating several state securities laws.[3] In August 2020, the Department of Justice filed a criminal indictment

---

[1] *See* Complaint, ECF No. 2, filed July 27, 2021.
[2] *See* Defendant's Motion to Dismiss or, in the Alterative to Stay Proceedings ("Motion to Dismiss") at 1, ECF No. 33, filed May 18, 2022.
[3] *See* State Complaint, ECF No. 33-1, filed May 18, 2022.

against Nemeckay for securities fraud, making a false statement, wire fraud, and money laundering.[4]

In July 2021, the Securities and Exchange Commission filed suit in federal court against Mine Shaft, Nemeckay, Logan, and Whittington for violating federal securities laws and regulations.[5] Whittington is the only defendant who timely answered the complaint.[6] On May 18, 2022, Whittington filed a motion for this court to dismiss the case due to the related state-court proceeding or, in the alternative, to stay the case pending the resolution of the criminal case against Nemeckay.[7]

## STANDARD

"[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance."[8] "Abstention from the exercise of federal jurisdiction is the exception, not the rule,"[9] and "declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances."[10] The party seeking abstention bears the burden of establishing that the *Colorado River* doctrine is applicable.[11]

## DISCUSSION

Whittington makes two arguments in his motion. First, that the court should dismiss the claims against him under the doctrine of *Colorado River* abstention. And second, that the court

---

[4] *See* United States v. Nemeckay Indictment, 2:20-cr-00278, ECF No. 1, filed Aug. 26, 2020.
[5] *See* Complaint.
[6] *See* Answer, ECF No. 28, filed March 21, 2022.
[7] *See* Motion to Dismiss at 1.
[8] *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 140 U.S. 1, 19 (1983).
[9] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).
[10] *Fox*, 16 F.3d at 1081.
[11] *See Colorado River* 424 U.S. at 817 (providing that "[o]nly the clearest justifications will warrant" abstention); *see also Rimrock Constr., LLC v. Artisan Prop. Servs.*, No. 2:21-cv-00192-JCB, 2022 WL 1443067, at *3 (D. Utah May 6, 2022) (collecting cases).

should stay the case pending the outcome of a criminal case against his codefendant. The court addresses these arguments in turn.

### I. The court will not dismiss the claims against Whittington because the state-court proceedings are not "parallel" to the current proceedings.

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ."[12] The Supreme Court has cautioned that, if federal jurisdiction exists, "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'"[13] Nonetheless, the Court recognized in *Colorado River Water Conservation District v. United States* that there are limited "weight[y] considerations of constitutional adjudication and state-federal relations" that permit the dismissal of a federal suit due to the presence of a parallel state suit.[14] This doctrine is known as *Colorado River* abstention. "[D]eclining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances."[15]

Before a court considers whether "exceptional circumstances" exist, a threshold condition for a court to engage in the *Colorado River* analysis is that the state proceedings and federal proceedings must be "parallel proceedings."[16] "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."[17]

In this case, Whittington argues that the state and federal proceedings are parallel "insofar as they request the same relief and are based on the same underlying allegations."[18] He argues

---

[12] *Colorado River*, 424 U.S. at 817.
[13] *Sprint Comm'cns v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River*, 412 U.S. at 817)).
[14] *Colorado River*, 412 U.S. at 818.
[15] *Fox*, 16 F.3d at 1081.
[16] *Id.*
[17] *Id.* (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1999)).
[18] Motion to Dismiss at 5.

that "a side by side comparison of the state complaint and the federal complaint are substantially the same" and that "[t]he requested relief in both cases is also very similar."[19] But Whittington does not meaningfully address one of the necessary conditions for parallel suits—that the suits be litigated by "substantially the same parties."[20]

Here, the plaintiff in the federal suit is the SEC while the plaintiff in the state suit is the Utah Division of Securities.[21] As the SEC notes in its opposition, if this court refuses to exercise jurisdiction over the federal case, "the Commission would have no forum in which to pursue its claims."[22] The SEC also notes that this is not a case where the Utah Division of Securities can adequately represent the SEC's interests in a state court case, because the SEC "asserts claims distinct from the state law claims at issue in the State Court Case, and seeks, *inter alia*, remedies specifically provided by Congress for violations of the federal securities laws . . . ."[23]

In his reply, Whittington argues that the SEC's interests are fully represented by the Utah Division of Securities in the state civil case and the Department of Justice in the criminal case against Nemeckay.[24] According to Whittington, the SEC's only interest is "the greater public good," which is already protected by the Utah Division of Securities and the Department of Justice.[25] But this interest in the public good is shared by every public agency. Here, the Utah Division of Securities seeks to vindicate Utah interests by suing under Utah state statute,[26] while

---

[19] *Id.* at 6.
[20] *Fox*, 16 F.3d at 1081.
[21] *See* State Complaint at 1.
[22] Plaintiff's Opposition to Defendant Whittington's Motion to Dismiss or in the Alternative to Stay Proceedings ("Opposition") at 7, ECF No. 34, filed June 1, 2022.
[23] *Id.* at 8.
[24] Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Memorandum in Support ("Reply") at 2–3, ECF No. 35, filed June 14, 2022.
[25] *Id.*
[26] *See* State Complaint at ¶¶ 181–200.

the SEC seeks to vindicate federal interests by suing under federal statutes and regulations.[27] Although these two lawsuits involve similar facts and related legal issues, the SEC and the Utah Division of Securities are not "substantially the same part[y]."[28] As such, the state and federal proceedings are not parallel and this court must exercise jurisdiction over the federal case.[29]

At the heart of the *Colorado River* doctrine is the goal of judicial efficiency and economy.[30] The doctrine is not designed to deprive a party of its day in court simply because a separate party (under the laws of a separate sovereign) has already filed a similar state lawsuit. *Colorado River* does not apply here; Whittington's motion to dismiss is denied.

### II. The court will not stay the case pending the resolution of the criminal case against Nemeckay.

Next, Whittington requests that the court stay the case while the criminal case against Nemeckay is resolved.[31] Whittington cites no authority as to why a stay is warranted and makes no argument to explain why the court should issue a stay pending the outcome of a criminal case to which he is not a party.

"It is well settled that [a] district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel,

---

[27] *See* Complaint at ¶¶ 78–92.
[28] *Fox*, 16 F.3d at 1081. Whittington also argues in a footnote that the Department of Justice's criminal case will vindicate the federal interests at stake, but he does not develop the argument or explain why a federal criminal case in which he is not a defendant should preclude a federal civil case in which he is. *See* Motion to Dismiss at 8, n.7.
[29] Cases in which state and federal lawsuits involved separate parties that were nonetheless "substantially the same" include a case in which a business affiliate of a state plaintiff was present in a federal case and had not alleged that its interests were different than its affiliate, *Health Care & Retirement Corp. of Am. v. Heartland Home Care, Inc.*, 324 F. Supp. 2d 1202, 1204–05 (D. Kan. 2004), and a case in which additional defendants were present in the state court case but the federal plaintiff's claims against the federal defendant would still be litigated in the state court action, *Great South Bay Med. Care, P.C. v. Allstate Ins. Co.*, 204 F. Supp. 2d 492, 497 (E.D.N.Y. 2002). Neither of those circumstances are present here, where the state plaintiff and the federal plaintiff are two distinct public agencies operating under the laws of separate sovereigns and suing under separate statutes.
[30] *See Colorado River*, 424 U.S. at 817.
[31] Motion to Dismiss at 10.

and for litigants.'"[32] But here, the court will not issue a stay because Whittington has not explained how a stay is warranted. The existence of a criminal case that touches on similar facts as a civil case is not categorically grounds for a stay, especially when the defendant in the criminal case is not the defendant requesting a stay in the civil case.[33] Whittington cites no authority explaining why this should not be the case here. His request for a stay is denied.

## ORDER

For the reasons stated above, Whittington's motion to dismiss or stay is DENIED.

Signed July 1, 2022.

BY THE COURT:

_____
~~David~~ Barlow
United States District Judge

---

[32] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).
[33] *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights.").