THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MINE SHAFT BREWING LLC, a Delaware limited liability company; TIMOTHY A. NEMECKAY, an individual; JOHN A. LOGAN, an individual; and CHARLIE V. WHITTINGTON, an individual,<br><br>Defendants. | **FINAL JUDGMENT AS TO DEFENDANT JOHN A. LOGAN**<br><br>Case No. 2:21-cv-00457-DBB-JCB<br><br>District Judge David Barlow |

The court, recognizing that the Securities and Exchange Commission (the "SEC") has filed a Complaint,[1] and that Defendant John A. Logan ("Mr. Logan") has entered a general appearance; consented to the court's jurisdiction and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment,[2] hereby enters the following judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Logan is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

---

[1] ECF No. 2.
[2] *See* ECF No. 6.

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Logan's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mr. Logan or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Logan is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Logan's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mr. Logan or with anyone described in (a).

III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Logan is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

  (a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Logan's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mr. Logan or with anyone described in (a).

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Logan is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of the mails or any means or instrumentality of interstate commerce to effect transactions in or induce or attempt to induce the purchase or sale of securities while they, or anyone hired by them to effect transactions in or induce or attempt to induce the purchase or sale of securities, are not registered with the Commission as a broker or dealer or while they, or anyone hired by them to effect transactions in

4

or induce or attempt to induce the purchase or sale of securities, are not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of the Mr. Logan; and (b) other persons in active concert or participation with the Mr. Logan or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Logan is liable for a civil penalty in the amount of $45,000 pursuant to Section 20(d) of the Securities Act [17 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Mr. Logan shall satisfy this obligation by paying $45,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Mr. Logan may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Mr. Logan may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; John A. Logan as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Mr. Logan shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Mr. Logan relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Mr. Logan.

The Commission may enforce the court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any court orders issued in this action. Mr. Logan shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the court.

The Commission may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the

civil penalty, Mr. Logan shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Mr. Logan's payment of disgorgement in this action, argue that [it, he, she] is entitled to, nor shall [it, he, she] further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Mr. Logan's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Mr. Logan shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Mr. Logan by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Mr. Logan, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Mr. Logan under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Mr. Logan of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**ORDER**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Final Judgment is HEREBY ENTERED as to Defendant John A. Logan forthwith and without further notice.

Signed January 23, 2023.

BY THE COURT

David Barlow
United States District Judge